NO. 07-05-0468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 26, 2006

_____

DEXTER DEUWAN MITCHELL,[1] APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,922-A; HONORABLE HAL MINER, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Dexter Deuwan Mitchell, appeals from a judgment revoking community supervision and imposing sentence pursuant to a conviction for attempted aggravated assault. Appellant's counsel has filed a brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

_____

[1] This Court will follow the spelling of appellant's name as it appears in the trial court records.

Appellant entered a plea of guilty to attempted aggravated assault on September 8, 2004. The trial court judge found that the evidence substantiated appellant's guilt, accepted the plea, found appellant guilty, and sentenced appellant to confinement for 10 years in the Institutional Division of the Texas Department of Criminal Justice. The confinement portion of the sentence was suspended and appellant was placed on community supervision for five years.

The State filed an amended motion to revoke appellant's community supervision which was heard on December 7, 2005. Appellant pled not true to three of the nine alleged violations of community supervision but pled true to the remaining six violations. After hearing testimony, the trial judge found that appellant had committed six violations of his community supervision, revoked the order placing appellant on community supervision, and ordered that appellant serve the confinement portion of his sentence in the State Jail Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal.

Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating that she has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error upon which an appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel's brief discusses why, under the controlling authorities, there is no reversible error in the trial court proceedings and judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached an exhibit showing that a copy of the Anders brief has been forwarded to appellant and that counsel has appropriately advised appellant of his right to

2

review the record and file a *pro se* response to counsel's motion and brief. The clerk of this court has also advised appellant by letter of his right to file a response to counsel's brief. Appellant has not filed a response.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds upon which an appeal could arguably be founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, writ ref'd). We carried the motion for consideration with the merits of the appeal. Having done so and finding no reversible error, appellant's counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.